Williams, J.
The action below was upon the following subscription to the capital stock of The Cincinnati, Hocking Valley & Huntington Railway Company:
“ We°, the undersigned, agree to pay the number of shares annexed to our respective names of fifty dollars each to the capital stock of The Cincinnati, Hocking Valley & Huntington Railway Company, and we hereby bind ourselves, our heirs, executors or administrators to pay the same to the authorized agent of said company; but it is expressly provided as follows: That no part of said subscription shall be due until a railroad track shall be laid ready for the running of cars from some point on the Scioto Valley railroad to a point at or near Adelphi in Ross county, and when said railroad track is so laid, we, the’undersigned, mutually agree that we will each, on demand, pay the amounts set opposite our respective names to such authorized agent of said company, in full payment for such shares of capital stock. Names.—Oc *304 tober, 1881. — No. of shares. — Amohnt.-1 agree to pay five hundred dollars (1500), payable when the road is completed on the within terms, provided the location does not run through mjr land; paid as donation. Lewis R. Lesher.”
The only questions in this case, not decided in the preceding case of Armstrong v. Karshner, arise upon the following clause of the agreement, viz.: “ I agree to pay five hundred dollars, payable when the road is completed on the within terms, provided the location does not run through my land ; paid as donation.”
What is claimed from this provision is, 1 — That it gives to the subscription the legal character of a promise to make a gift, which cannot be enforced ; and 2 — That the amount of the subscription does not become due and payable until the company completes its entire road.
1. That a mere promise to give, creates no legal obligation, is admitted; but, it is denied that the words “ paid as donation,” in the clause referred to, have the effect contended for.
It is alleged in the petition, and not controverted by the answer, that the defendant made the subscription “ for the purpose of aiding in the construction of said railroad and in consideration of the advantages and benefits to accrue to him therefrom, and especially from the building of that part of said road from the Scioto Valley railroad in said county of Ross to a point at or near the village of Adelphi in said county, w;hich said part of said road is between said Scioto river and said town of Nelsonville, as well as in consideration of like subscriptions and agreements, of other persons for said purpose executed and delivered to said railroad company.” Besides, the subscription stipulates that when a railroad track is laid ready for running cars from some point on the Scioto Valley Railroad to a point at or near Adelphi, the defendant will pay the amount named in the subscription ; and the petition alleges that upon the faith of the subscription, and of others of like character, the railroad was so constructed between the designated points, ready for running cars, and the same is being operated by the running of trains over it. carrying freight and passengers. These averments *305 are undenied, and we are of opinion that a sufficient consideration for the defendant’s promise is shown by the uncontroverted allegations of the petition. The purpose of inserting the words, “ paid as donation,” in the instrument, probably was to avoid the liability of a stockholder. Whether that result is accomplished, is not a question in the case.
2. The language, “ when the road is completed on the within terms,” obviously refers to some other provision of the agreement on the same subject. By a previous provision, the subscriber agrees to pay the amount of his subscription when the track of the road is laid ready for the running of cars between two specified points.
Applying to the subscription the familiar rule, that in the construction of a contract regard must be had to all its parts, and if it admits of two interpretations, one of which will make them consistent and the other contradictory, the former will be adopted, little difficulty is encountered in arriving at the true meaning of the language referred to.
The stipulation that the amount is to be payable “ when the*road is completed on the within terms,” must refer to that part of the road upon the completion of which the defendant had already agreed to pay. This makes the instrument consistent with itself, while if the construction contended for by^the defendant should prevail, it would not only be contradictory, but so self-repugnant as to render one of its provisions inoperative. There would be two distinct and different periods fixed for payment, and effect could not be given to both.

Judgment affirmed.